**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCES LUNDBERG,<br><br>　　　　　Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security,<br><br>　　　　　Defendant - Appellee. | No. 15-15527<br><br>D.C. No. 4:13-cv-02465-RCC-<br>BPV<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted January 3, 2017[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

　　Frances Lundberg appeals pro se the district court's decision affirming the

Commissioner of Social Security's denial in part of her application for divorced

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

spouse retirement insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's judgment.

We review de novo the district court's affirmance of the administrative law judge's (ALJ) denial of Social Security benefits and will reverse only if the ALJ's decision was not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

The ALJ properly concluded, and the Commissioner does not dispute, that Lundberg met the requirements of 42 U.S.C. § 402(b)(1) and 20 C.F.R. § 404.331 and was entitled to divorced spouse benefits effective March 2009, following her application in September 2009. *See* 42 U.S.C. § 402(j)(1)(B) (providing that benefits are payable beginning six months prior to date of application).

Lundberg contends that a Social Security employee gave her misinformation during an appointment in September 2005 by failing to inform her of her eligibility to apply for divorced spouse benefits when she reached full retirement age and then later switch to collecting her own retirement insurance benefits. She contends that because of this misinformation, her application for divorced spouse benefits should be deemed filed in April 2006, when she reached full retirement age. This contention fails because, by her own admission, Lundberg did not inquire about her eligibility for switching between her ex-husband's account and her own, and

therefore cannot recover for misinformation.  *See* 42 U.S.C. § 402(j)(5); 20 C.F.R. § 404.633(c)(4) (stating that misinformation must be provided in response to specific request about eligibility for benefits).

**AFFIRMED.**